UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
KAREN RISPOLI,                              )
                                                           )
                  Plaintiff,          )
   v.                                                  )
                                                           )
KING COUNTY, *et al.*,                  )
                                                           )
                 Defendants.    )
_____)

No. C04-1500L

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL MENTAL EXAMINATION PURSUANT TO FED. R. CIV. P. 35

        This matter comes before the Court on "Defendants' Motion to Compel CR 35 Examination." Fed. R. Civ. P. 35(a) authorizes the Court to order a party to submit to a psychiatric or medical examination "[w]hen the mental or physical condition (including the blood group) of a party . . . is in controversy" and the moving party has shown "good cause." A showing of relevance is insufficient. The relevance requirement is already imposed by Fed. R. Civ. P. 26(b) such that the additional requirements of Rule 35 indicate "that there must be a greater showing of need under [that rule] than under the other discovery rules." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964) (quoting Guilford Nat'l Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 924 (4th Cir. 1962)). The party seeking a psychiatric or medical examination must make "an affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination." Schlagenhauf, 379 U.S. at 118.

        This litigation involves claims of employment discrimination, retaliation, and

ORDER GRANTING MOTION TO
COMPEL MENTAL EXAMINATION

harassment, statutory violations regarding disclosure of plaintiff's personnel and medical information, intentional infliction of emotional distress, and breach of contract.  In support of her claim of intentional infliction of emotional distress, plaintiff intends to offer the testimony of her treating psychiatrist, Dr. Linda Luster.  Dr. Luster will opine that plaintiff suffers from post traumatic stress disorder caused, in part, by defendants' conduct.  Defendants argue that, despite having access to Dr. Luster's records and the results of plaintiff's 2003 psychological testing, they need to obtain a psychiatric evaluation of plaintiff in order to rebut Dr. Luster's testimony and effectively oppose plaintiff's claims of emotional distress.  Defendants' expert, Mark McClung, M.D., P.C., is a psychiatrist specializing in general and forensic psychiatry.  He has reviewed plaintiff's medical records, as well as the testimony of plaintiff's treating physicians, and has proposed an examination consisting of two standardized psychological tests (the Millon Clinical Multiaxial Inventory-III and the Minnesota Multiphasic Personality Inventory-II), a three-hour clinical interview, and the possibility of a follow-up telephonic interview.

A claim for emotional distress in an employment discrimination case generally does not put plaintiff's psychiatric condition "in controversy" and does not justify a potentially invasive independent psychiatric examination under Rule 35(a).  See, e.g., Curtis v. Express, Inc., 868 F. Supp. 467, 468-69 (N.D.N.Y. 1994).  Where plaintiff has filed a separate cause of action for the intentional or negligent infliction of emotional distress, however, she has placed her mental status in controversy and will be compelled to provide discovery regarding that claim. See, e.g., Gattegno v. PriceWaterhouseCoopers, LLP, 204 F.R.D. 228, 231 (D. Conn. 2001); Curtis, 868 F. Supp. at 469.  Such is the case here.  In addition, the record shows that plaintiff intends to present expert testimony to support her claim that the emotional distress she suffered was so severe that it totally disabled her from work and resulted in a diagnosis of post traumatic stress disorder.  These allegations give rise to something more than the "garden variety" emotional distress claims that normally accompany employment discrimination claims. See Fitzgerald v. Cassil, 216 F.R.D. 632, 637-38 (N.D. Cal. 2003) (examination under Rule 35

is appropriate where "(1) the plaintiff has pled a cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has alleged a specific mental or psychiatric injury; (3) the plaintiff has pled a claim for unusually severe emotional distress; (4) the plaintiff plans to offer expert testimony to support a claim of emotional distress; and (5) the plaintiff has conceded that his or her mental condition is 'in controversy'. . . ."). Defendants should be permitted an opportunity to develop a defense to the anticipated testimony of plaintiff and her treating physicians regarding the cause and extent of plaintiff's emotional distress.

In the circumstances of this case, the Court finds that plaintiff's psychiatric condition is "in controversy" and that defendants have shown good cause for administering the MCMI-III and the MMPI-II. Plaintiff and her treating psychiatrist have raised concerns regarding the stress that a clinical interview with a male doctor will cause plaintiff. Plaintiff has not identified any authority for the proposition that one party can deprive another of its chosen expert based on the gender of the expert: the Court is not willing to make such a ruling based on the record here.[1] While plaintiff's concerns regarding having to disclose the details of her medical, social, and psychological history to a stranger are understandable, they are too general to obviate the need for this examination.

For all of the foregoing reasons, defendants' motion to compel is GRANTED. The above-described evaluation shall be conducted by Dr. McClung at his offices located at Market Place Tower, 2025 First Avenue, Suite 790, Seattle, Washington on a date and at a time

---

[1] By filing a lawsuit, plaintiff has created a situation in which she may have to reveal private details before a male judge and a jury of strangers, some of whom will likely be men. The Court also notes that both her attorneys are men.

ORDER GRANTING MOTION TO
COMPEL MENTAL EXAMINATION            -3-

to be agreed upon by the parties.[2] Plaintiff shall answer all proper questions and inquiries submitted to her by Dr. McClung during the clinical interview and shall sit for both the MCMI-III and the MMPI-II. Defendants shall bear the costs of the examination and testing. No follow-up questioning will be permitted without further order of the Court.

DATED this 13th day of June, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Plaintiff's request to delay the psychological examination until closer to trial is DENIED. The parties shall make every effort to schedule the examination within the next two weeks.

ORDER GRANTING MOTION TO
COMPEL MENTAL EXAMINATION                -4-