UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN MARIE RISPOLI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KING COUNTY, DEPARTMENT OF TRANSPORTATION, METRO DIVISION, and DEPARTMENT OF YOUTH SERVICES,<br><br>　　　　Defendants. | Case No.  04-1500RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER LIMITING DISCOVERY AND DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER TO PRODUCE RESPONSIVE DOCUMENTS |

## I. Introduction

This matter comes before the Court on "Defendants' Motion for Protective Order Limiting Discovery" (Dkt. # 62) and on "Plaintiff's Cross-Motion for Order to Produce Responsive Documents Subject to Protective Order Limiting Disclosure" (Dkt. # 71). For the reasons set forth herein, the Court grants defendants' motion and denies plaintiff's motion.

## II. Background

Plaintiff Karen Rispoli is a current employee of defendant King Country Department of Transportation, Metro Division ("Metro Transit") and a former employee of defendant King County Department of Youth Services ("DYS"). She began working for Metro Transit in 1995

ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER LIMITING DISCOVERY AND
DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER
TO PRODUCE RESPONSIVE DOCUMENTS - 1

following her termination from DYS. In 1996, plaintiff filed a civil action for wrongful discharge against DYS. The parties settled the claim in December 1997 and executed an agreement releasing DYS from any and all claims relating to plaintiff's employment; the agreement also contained a clause providing that "[t]he parties agree that neither will disparage the other." Decl. of Patricia Eakes, Ex. 3, p. 2. In June 2004, plaintiff brought the instant action against Metro Transit for retaliation, breach of contract, and failure to accommodate. She also named DYS as a party to the suit, alleging that it breached the abovementioned non-disparagement clause.

Discovery in this case has been ongoing for the past year. Defendants filed this motion seeking a CR 26 protective order denying plaintiff's requests for production #3, #5, and #6. The text of the disputed requests for production reads as follows:

> **REQUEST FOR PRODUCTION NO. 3:**
> Please provide all letters, emails, memorandums, and all other documents dating back to 1995 addressed to or from the King County Executive Ron Sims and/or his office or staff, or to prior King County Executive Gary Locke and/or his office or staff, regarding sexual abuse, by staff or other detained youth, of youth detained in King County juvenile detention facilities operated by the King County Department of Youth Services (now known as Department of Adult and Juvenile Detention). Please also provide any and all attachments to such documents.
>
> **REQUEST FOR PRODUCTION NO. 5**
> Please provide all letters, emails, memorandums, and all other documents dating back to 1990 to the King County Ombudsman regarding issues of treatment of youth detainees at the Department of Youth Services.
>
> **REQUEST FOR PRODUCTION NO. 6**
> Please provide all letters, emails, memorandums, and all other documents, dating back to 1994, related to communication between King County and the Seattle Police Department regarding Child Protective Services complaints and children under custody or detention of the Department of Youth Services/DAJD. This request includes but is not limited to a Memorandum of Agreement or other similar document between King County and the Seattle Police Department that provides that investigation of allegations of sexual abuse of youth in King County detention will be conducted by King County unless King County or the King County Sheriff declines to investigate.

ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER LIMITING DISCOVERY AND
DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER
TO PRODUCE RESPONSIVE DOCUMENTS - 2

Defendants contend that the above requests are "totally irrelevant" to plaintiff's claims against Metro Transit and are "overly broad and unduly burdensome." Motion at 1-2. Plaintiff counters that the requested documents are relevant to her breach of contract claim against DYS and are "based on newly discovered evidence that was not available to Plaintiff due a failure of Plaintiff's prior attorneys to disclose this evidence to her during by [sic] her 1996 lawsuit against Department of Youth Services." Response at 2. Accordingly, plaintiff moves for an order to produce the contested documents, subject to a protective order limiting disclosure to her attorney.

### III.  Discussion

**A.     Standard of Review**.

    Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any . . . documents . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The rationale behind the "broad right of discovery" embodied in this Rule is that "wide access to . . . facts serves the integrity and fairness of the judicial process by promoting the search for the truth." Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9 Cir. 1995). However, notwithstanding this liberal standard, "the right of a party to obtain discovery is not unlimited." Id. Rather, it is qualified by the requirement that the requested materials be relevant to the subject matter of the case and/or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); see also Surfvivor Media v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005). Notably, while district courts have broad discretion in determining relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), the relevancy requirement "should be firmly applied, and the district courts should not neglect their power to

ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER LIMITING DISCOVERY AND
DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER
TO PRODUCE RESPONSIVE DOCUMENTS - 3

1 restrict discovery where justice requires protection for a party or person from annoyance . . . or
2 undue burden or expense. Herbert v. Lando, 441 U.S. 153, 177 (1979) (internal citations
3 omitted).

**B.      Analysis.**

As indicated above, defendants contend that a protective order limiting discovery is appropriate for two reasons: (1) the requested documents are irrelevant; and (2) the requests are overly broad and unduly burdensome. The Court will address these in turn.

**1.      Relevancy of Requested Documents**

Plaintiff's disputed requests seek the production of all letters, e-mails, memoranda, and other documents dating back to 1995 (# 3), 1990 (# 5), and 1994 (# 6), respectively. The requests relate solely to defendant DYS. However, plaintiff's lone claim against defendant DYS is that it breached the terms of the 1997 settlement agreement by disparaging her. It is a settled principle that conduct occurring prior to the formation of a contract cannot be the basis for a breach of contract claim. That is, even if defendants had disparaged her prior to 1997, such disparagement would not be relevant to her present claim. Consequently, plaintiff's requests, insofar as they relate to the period of time preceding the existence of the settlement agreement, are irrelevant: as a matter of law, no breach based on that conduct is possible. It follows that her requests for production of documents created prior to the signing of the settlement agreement are not well-founded.

As for the period following 1997, a careful examination of the factual allegations underlying plaintiff's disparagement claim reveals that the requests at issue are not reasonably calculated to lead to discovery of admissible evidence. In her complaint, plaintiff states: "By the acts described in paragraphs 5-8, 10-11, 15, 25, [and] 34, Defendant DYS has breached a contract with the Plaintiff." Complaint at 8. The cited paragraphs, while containing allegations

ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER LIMITING DISCOVERY AND
DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER
TO PRODUCE RESPONSIVE DOCUMENTS - 4

that plaintiff's Metro Transit supervisors were in contact with DYS and were aware that she testified against DYS in a separate civil case ("the *Bunch* trial"), appear to be entirely unrelated to her document requests.  That is, the materials plaintiff seeks from defendants will not tend to prove or disprove that DYS employees contacted her Metro Transit supervisors and disparaged plaintiff.  Rather, they go to the issue of the manner in which youth were and are treated at DYS.  While mistreatment of juvenile detainees is undoubtedly an immensely important concern, it is not the subject of this lawsuit.  Similarly, the fact that plaintiff's former attorneys failed to disclose certain evidence to her during her 1996 lawsuit against DYS, while regrettable, is of no moment to the case at hand.  Consequently, the Court finds that plaintiff's requests have little, if any, relevance to her disparagement claim against DYS.

**2.    Overly Broad and Unduly Burdensome**

In light of the above analysis, there is no need for the Court to address at length the merits of defendants' claim that the requests are overly broad and unduly burdensome.  In the interests of clarity, however, the Court notes that requests at issue are indeed beyond the scope of the right to discovery conferred by Fed. R. Civ. P. 26(b)(1).

In Brown Bag Software v. Symantec Corp., 960 F.2d 1465 (9th Cir. 1992), the Ninth Circuit employed a balancing test in order to determine whether the district court abused its discretion in granting a protective order limiting discovery.  See id. at 1470 ("On the one hand, parties seeking discovery are entitled to all information 'reasonably calculated to lead to the discovery of admissible evidence . . . . On the other hand, responding parties are entitled to protection from 'undue burden' in discovery.").  Applying this test to plaintiff's claim, and in keeping with the foregoing finding that the requested documents are not relevant to her breach of contract allegation, the Court finds that the undue burden and risk of prejudice placed on defendants outweighs the risk that protection of the requested documents will impair plaintiff's claim against DYS.  This conclusion is bolstered when one considers that the three requests at issue make no specific mention of correspondence between Metro Transit and DYS or of

ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER LIMITING DISCOVERY AND
DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER
TO PRODUCE RESPONSIVE DOCUMENTS - 5

1  correspondence relating to plaintiff or the *Bunch* trial.  Moreover, the number of letters, e-mails,
2  and memoranda that would fall within the broad classes of documents plaintiff requests is
3  presumably enormous; it would place a great burden on defendants to comply with her request,
4  while the benefit to plaintiff's breach of contract claim would be negligible.

### IV. Conclusion

For all of the foregoing reasons, it is hereby ORDERED that defendants' motion for a protective order limiting discovery be GRANTED, and plaintiff's cross-motion for an order to produce the documents be DENIED.  Accordingly, defendants do not have to disclose the materials described in plaintiff's requests for production #3, #5, and #6.

DATED this 29th day of August, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR
PROTECTIVE ORDER LIMITING DISCOVERY AND
DENYING PLAINTIFF'S CROSS-MOTION FOR ORDER
TO PRODUCE RESPONSIVE DOCUMENTS - 6