UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN MARIE RISPOLI,

    Plaintiff,

vs.

KING COUNTY, DEPARTMENT OF TRANSPORTATION, METRO DIVISION, and DEPARTMENT OF YOUTH SERVICES,

    Defendants.

Case No. 04-1500RSL

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND AWARDING FEES TO DEFENDANTS

## I. Introduction

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery Responses and for Reasonable Costs and Attorney's Fees" (Dkt. # 66). For the reasons set forth herein, the Court denies plaintiff's motion.

## II. Background

Pursuant to Fed. R. Civ. P. 37, plaintiff Karen Rispoli requests that the Court order defendants to produce the handwritten notes of Dr. Brooke Thorner, a physician hired by defendants in 2003 to conduct an independent medical examination of the plaintiff. She also requests the production of the results of a 1994 psychological evaluation that took place as part

of her application for employment with defendant King County Department of Youth Services ("DYS").

Defendants object to plaintiff's motion on the grounds that it was untimely filed. In the alternative, defendants urge the Court to deny the motion because the documents plaintiff seeks do not exist. Response at 2. Defendants also contend that they are entitled to costs and attorney's fees "for having to respond to this frivolous motion." Response at 9. The Court will address defendants' objections in turn.

## III.  Discussion

### A.  Timeliness of Motion

On May 18, 2005 the Court entered an order requiring the parties to note all discovery motions by July 15, 2005 (Dkt. # 44). Plaintiff's instant motion, however, was filed on July 19th. It follows that the motion is time barred unless plaintiff can demonstrate compliance with Fed. R. Civ. P. 6(b). In relevant part, Rule 6(b) provides:

> When by . . . order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . [,] upon motion made after the expiration of the specified period[,] permit the act to be done where the failure to act was the result of excusable neglect.

The rule clearly requires that in order to act after a time period specified by the court has expired, a party must file a motion requesting the court to extend the time. Plaintiff did not file such a motion, and, in any event, her attempts to demonstrate excusable neglect are unconvincing. See Reply at 4. The motion to compel discovery is therefore denied as untimely.

### B.  Costs and Attorney's Fees

Defendants contend that they are entitled to costs and fees because plaintiff's motion is a "colossal waste of time." Response at 10. In support of this contention, defendants argue that plaintiff filed the motion knowing that it was both untimely and futile and have provided affidavits showing that they had informed plaintiff on five separate occasions that the requested

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES AND FOR
REASONABLE COSTS AND ATTORNEY'S FEES - 2

documents do not exist.  Plaintiff counters that she had a good faith basis to allege spoliation and, accordingly, urges the Court to deny defendants' request for costs and attorney's fees.

Disposition of defendants' fee request is governed by Fed. R. Civ. P. 37(a)(4)(B), which provides:

> If the motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Based on the record before the Court, and in light of the finding that the motion was untimely filed and not in compliance with Fed. R. Civ. P. 6(b), plaintiff's motion was not substantially justified.  In addition, despite the litany of unrelated discovery problems identified by plaintiff in her reply memorandum, she has offered no justification for her blithe assumption that Dr. Thorner, the Panel of Consultants, and defendants were all lying when they said the requested documents do not exist.  As plaintiff candidly admits, she and her counsel simply "assume[d] the worst" (Reply at 4) and filed a motion to compel the production of documents that they had no reason to believe were still in existence.  Defendants are entitled to an award of costs and fees under Fed. R. Civ. P. 37(a)(4)(B).

## IV.  Conclusion

For all of the foregoing reasons, it is hereby ORDERED that "Plaintiff's Motion to Compel Discovery Responses and for Reasonable Costs and Attorney's Fees" is DENIED. Defendants' request for reasonable costs and fees is GRANTED.  Defendants shall file an affidavit setting forth the reasonable expenses incurred in opposing plaintiff's motion, including attorney's fees but excluding time spent attempting to resolve this dispute prior to the filing of plaintiff's motion.

1  DATED this 29th day of August, 2005.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES AND FOR
REASONABLE COSTS AND ATTORNEY'S FEES - 4