UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
KAREN RISPOLI,                      )
                                    )   No. C04-1500L
            Plaintiff,              )
    v.                              )   ORDER GRANTING IN PART
                                    )   DEFENDANTS' MOTION FOR
KING COUNTY, *et al.*,              )   SUMMARY JUDGMENT
                                    )
            Defendants.             )
_____)

This matter comes before the Court on "Defendants' Motion for Summary Judgment." Dkt. # 100. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the

consideration of a motion for summary judgment. <u>Arpin v. Santa Clara Valley Transp. Agency</u>, 261 F.3d 912, 919 (9th Cir. 2001); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." <u>Triton Energy Corp. v. Square D Co.</u>, 68 F.3d 1216, 1221 (9th Cir. 1995).

Taking the evidence presented in the light most favorable to plaintiff, the Court finds as follows:

(1) Plaintiff asserts that her current employer, King County Department of Transportation, Metro Division ("Metro"), retaliated against her for testimony she provided in litigation against the King County Department of Youth Services ("DYS"). Specifically, plaintiff contends that her direct and indirect supervisors at Metro were aware of her involvement in litigation against DYS and indicated that such activity is frowned upon and would get her in trouble at Metro. Plaintiff asserts that, because of her protected activity, she was not recommended for training in 1999, was terminated in 2000 (she was reinstated following a union grievance), was targeted for observation, and was subjected to unjustified discipline for various policy infractions. In her response memorandum, plaintiff also asserts that she was subjected to a hostile work environment as retaliation for engaging in protected activity. Plaintiff did not mention this aspect of her retaliation claim, either in general or specific terms, when she was asked to identify every adverse employment action to which she was subjected. <u>See</u> Decl. of Stephen G. Teply at Ex. 14 (Dkt. # 101). Having failed to disclose in discovery conduct which she now claims was retaliatory, plaintiff will not be permitted to base her retaliation claim on the alleged attacks on her mental health, her request for accommodation under the Americans with Disabilities Act, the false attribution and embellishment of customer complaints, a failure to protect, or the sham investigation.

To the extent plaintiff's state and federal retaliation claims are based on the 1999 failure to train, her termination, and the two Performance Reports issued in 2000, they are

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -2-

barred by the relevant statutes of limitation. Under Title VII, retaliatory acts occurring more than 300 days before plaintiff filed her EEOC complaint (i.e., before February 20, 2002) are time barred. Under the Washington Law Against Discrimination, suit must be brought regarding retaliatory acts within three years and sixty days of their occurrence. Plaintiff filed this suit on June 3, 2004: acts occurring before April 4, 2001, may not, therefore, be the basis of plaintiff's retaliation claims.[1]

        To make out a *prima facie* case of retaliation under Title VII, plaintiff must demonstrate that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003). The burden then shifts to defendants "to articulate a legitimate, non-discriminatory reasons for the adverse employment action." Manatt v. Bank of Am., N.A., 339 F.3d 792, 800 (9th Cir. 2003). Plaintiff bears the ultimate burden of persuasion, however, and must rebut the employer's justification for the adverse employment action by showing that the proffered reason was pretext or that retaliation was the real motivating factor. Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1068-69 (9th Cir. 2003). "Because Washington courts look to interpretations of federal law when analyzing retaliation claims, we . . . consider [plaintiff's] federal and state claims together." Little v. Windermere Relocation, Inc., 301 F.3d 958, 969 (9th Cir. 2002) (citing Graves v. Dept. of Game, 76 Wn. App. 705 (1994)).

        In their moving papers, defendants neither challenged nor conceded plaintiff's claim that her participation in several cases against DYS was "protected activity" for purposes of a retaliation claim. Motion at 10. Defendants may not raise for the first time in reply an

---

[1] Because the statutes of limitation preclude liability based on events occurring in 1995 and 2000, the Court need not determine whether plaintiff's termination-related claims are barred by the terms of plaintiff's settlement agreements with DYS and Metro.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT      -3-

1  argument regarding which conduct may or may not qualify as protected activity.  Reply at 3.
2  The Court will assume, as defendants originally did, that plaintiff engaged in protected activity
3  "by testifying in several cases against DYS, including her own and Bunch v. King County."
4  Motion at 10.  Despite pointing out the difference between "counseling" and "reminder"
5  Performance Reports (Motion at 11 n.2), defendants do not characterize the Performance
6  Reports issued to plaintiff and apparently concede that the issuance of either type of adverse
7  report can constitute an "adverse employment action" under Title VII if the issuance of such
8  reports would likely deter a reasonable employee from engaging in protected activity.  Brooks v.
9  City of San Mateo, 299 F.3d 917, 928 (9th Cir. 2000).  Defendants argue, however, that plaintiff
10  has failed to establish a causal nexus between the Performance Reports and plaintiff's protected
11  conduct.  Motion at 11.
12        Plaintiff has submitted evidence from which a reasonable factfinder could
13  conclude that her receipt of numerous adverse Performance Reports while employed by Metro
14  was related to her participation in lawsuits against another King County agency.  Plaintiff
15  testified in Bunch v. King County in October 2001 and has been identified as a witness in two
16  other discrimination cases against DYS.  There is evidence that plaintiff's direct and indirect
17  supervisors were aware of her protected activity, that certain supervisors had expressed their
18  own or their superiors' displeasure regarding her past and continuing involvement in litigation
19  against DYS, that her performance as a bus driver was subjected to heightened scrutiny during
20  the relevant time frame, and that at least one of the supervisors who made statements reflecting a
21  retaliatory attitude issued or caused to be issued four of the adverse Performance Reports of
22  which plaintiff complains.
23        In response to this *prima facie* showing of retaliation, defendants have come
24  forward with a non-retaliatory reason for the issuance of the various Performance Reports,
25  namely that plaintiff violated specific rules or policies as set forth in each of the reports.  The
26  supervisors who issued the Performance Reports state that they did so because plaintiff violated

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -4-

Metro policies and for no other reason. The burden therefore shifts back to plaintiff to show by a preponderance of the evidence that the challenged employment decisions were made "because of" retaliation. See Stegall, 350 F.3d at 1068. Plaintiff may accomplish this goal "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). Where plaintiff offers direct evidence which, if believed, proves the fact of retaliatory animus without the need for inference or presumption, such evidence is considered highly probative and "plaintiff need offer 'very little' direct evidence to raise a genuine issue of material fact." Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir. 2005) (quoting Godwin v. Hunt, 150 F.3d 1217, 1221 (9th Cir. 1998)).

In combination with plaintiff's *prima facie* case, plaintiff has provided direct evidence of retaliatory animus and one could infer that plaintiff's direct and indirect supervisors knew that she had testified against DYS, that she was a potential witness in continuing litigation against DYS, and that they disapproved of these activities. At least one of the supervisors who issued or directed the issuance of four of the adverse Performance Reports had warned plaintiff that she should not testify against DYS, that Metro was going to "get rid of" plaintiff, and that things were going to get worse for her. Decl. of Karen Rispoli at ¶ 63 (Dkt. # 116). In addition, the adverse employment actions of which plaintiff complains began shortly after plaintiff reported an instance of harassment in June 1999 and Metro discovered that plaintiff had been involved in lawsuits against DYS.[2] For purposes of her state and federal retaliation claims, plaintiff has raised a genuine issue of fact regarding defendants' motive in scrutinizing plaintiff's

---

[2] Although plaintiff may not seek damages related to the time-barred events, evidence related to those events may still be relevant. For example, evidence regarding Mr. Burdick's reaction to the discovery that plaintiff was a witness against DYS may help establish a causal nexus between plaintiffs' protected activities and the post-February 2002 employment actions at issue in this litigation.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -5-

job performance and issuing adverse Performance Reports during the relevant time period.[3]

(2) Although plaintiff's opposition includes factual averments regarding her disability and the effect it had on her ability to perform her job, plaintiff has not opposed defendants' motion for summary judgment on her state and federal claims based on an alleged failure to accommodate plaintiff's disability. Claim II of the Complaint is, therefore, dismissed.

(3) Plaintiff has not opposed defendants' motion for summary judgment on her claim that defendants' improperly disclosed confidential medical information in violation of federal law. Claim III of the Complaint is, therefore, dismissed.

(4) Plaintiff has not opposed defendants' motion for summary judgment on her claim under RCW 49.12.240. Claim V of the Complaint is, therefore, dismissed.[4]

(5) Plaintiff has not opposed defendants' motion for summary judgment regarding the claim of intentional infliction of emotional distress. Claim VI of the Complaint is, therefore, dismissed.

(6) Although plaintiff's opposition includes factual averments regarding the work environment to which she was subjected, those averments were offered in support of plaintiff's state and federal retaliation claims. Plaintiff has not opposed defendants' motion for summary

---

[3] As discussed in Funai v. Brownlee, 369 F. Supp.2d 1222, 1231-32 (D. Hawaii 2004), the fact that some or all of the Performance Reports may have been justified does not necessarily mean that retaliation was not a motivating factor. A reasonable jury could infer causation from plaintiff's direct evidence of retaliatory animus on the part of one or more of the persons responsible for the adverse employment actions. In addition, to the extent plaintiff is able to show that senior Metro supervisors encouraged subordinates to subject plaintiff's job performance to a higher level of scrutiny in the hopes of generating adverse Performance Reports, the jury can consider the motive behind the heightened scrutiny when evaluating plaintiff's retaliation claim.

[4] There is no "Claim IV" in plaintiff's "Complaint for Retaliation, Failure to Accommodate to a Disability, Disclosure of Medical Records, Failure to Disclose Employment Records, Outrage, Harassment, and Breach of Contract." Dkt. # 1.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT           -6-

judgment on her separate hostile work environment claim.  Claim VII of the Complaint is, therefore, dismissed.

(7) Plaintiff has not opposed defendants' motion for summary judgment on her breach of contract claims.  Claim VIII and Claim IX are, therefore, dismissed.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED in part and DENIED in part.  Plaintiff's claims of retaliation under state and federal law may proceed to trial.  All of plaintiff's other claims are DISMISSED with prejudice.

DATED this 3rd day of November, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge