1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                )
9    KAREN RISPOLI,                              )
                                                 )        No. C04-1500L
10                          Plaintiff,           )
          v.                                     )        ORDER DENYING PLAINTIFF'S
11                                               )        MOTION FOR RECONSIDERATION
     KING COUNTY, *et al.*,                      )
12                                               )
                            Defendants.          )
13   _____)

14          This matter comes before the Court on plaintiff's "Motion for Reconsideration of

15   Order Granting in Part Defendants' Motion for Summary Judgment."  Dkt. # 144.  Plaintiff asks

16   that the Court modify those portions of its November 3, 2005, Order dismissing her hostile work

17   environment (Claim VII) and breach of contract (Claim IX) claims and precluding plaintiff from

18   relying on certain events as a basis for her retaliation claim (Claim I).

19          Motions for reconsideration are disfavored in this district and will be granted only

20   upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which

21   could not have been brought to [the Court's] attention earlier without reasonable diligence."

22   Local Civil Rule 7(h)(1).  Plaintiff has not met this burden.  Defendants moved to dismiss the

23   hostile work environment claim on the grounds that the events of which plaintiff complained

24   (a) were not based on her protected status and (b) were not severe enough to constitute a hostile

25   work environment under governing law.  Defendants moved to dismiss the breach of contract

26   claim against the King County Department of Youth Services ("DYS") because plaintiff had

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

1   failed to present a claim for damages to the Clerk of the King County Council as required by

2   RCW 4.96.020.   For reasons that are still unexplained, plaintiff failed to respond to either of

3   these arguments and the Court interpreted this failure as an admission that defendants' legal and

4   factual arguments had merit.  Local Civil Rule 7(b)(2).  Plaintiff now argues that the Court

5   should have denied defendants' motion for summary judgment on the hostile work environment

6   and breach of contract claims because defendants never met their initial burden of demonstrating

7   an absence of a genuine issue of material fact and/or because defendants' legal arguments were

8   incorrect.  While there are some instances in which the burden of responding to a motion for

9   summary judgment is never triggered, that is not the case here.  Defendants informed both the

10  Court and plaintiff why they believed plaintiff's hostile work environment and breach of

11  contract claims were defective based on the governing law and the facts in the record.  Plaintiff

12  chose not to respond and cannot now argue that the Court should have *sua sponte* decided that

13  the alleged harassment was severe enough to constitute a hostile work environment or that the

14  authority cited by defendants was not good law.[1]

15          Plaintiff also objects to the Court's failure to consider alleged attacks on plaintiff's

16  mental health, her request for accommodation under the Americans with Disabilities Act, the

17  false attribution and embellishment of customer complaints, a failure to protect, the sham

18  investigation, and/or the creation of a hostile work environment as evidence supporting

19  plaintiff's retaliation claim.  In the summary judgment context, defendants argued that plaintiff

20

21

22          [1]  Plaintiff argues that the case cited by defendants for the proposition that plaintiff was required
    to present a notice of her breach of contract claim against the County before filing this action contradicts
23  controlling authority from the Washington State Supreme Court.  Motion for Reconsideration at 11.  As
    discussed above, plaintiff did not raise this argument in a timely manner and has not even attempted to
24  justify her complete failure to argue this point in her opposition to defendants' summary judgment
    motion.  In addition, the cases on which plaintiff now relies interpret an earlier version of the governing
25  statute, RCW 4.96.020.  The current statute was enacted in 1993 and changed the language upon which
    plaintiff's cases were based.  Plaintiff has not established either new facts/legal authority or manifest
26  error.

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION                    -2-

1   should be precluded from relying on these events as the basis for her retaliation claim because

2   they had not been disclosed as such during discovery.  Plaintiff rightly points out that these

3   events were disclosed during discovery and that she attributed most, if not all, of them to

4   defendants' retaliatory intent.  See, e.g., Decl. of Dwight Van Winkle, Ex. 1 at 12 (Dkt. # 145)

5   ("May 6, 2003 Kathy Lee-Barnes tells Ms. Rispoli that she will undergo an IME to 'evaluate

6   safety issues' Ms. Rispoli has raised, and regarding reasonable ADA accommodation.  This act

7   relates to Claims I, II, VI-IX of the Complaint.").  As can be seen through this example,

8   plaintiff's disclosure simply identifies an event and asserts, by implication, that defendants

9   ordered the IME in retaliation for plaintiff's testimony against DYS.  A claim for retaliation

10  requires more than just retaliatory intent, however.  Plaintiff must also show that she suffered an

11  adverse employment action.  See Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185,

12  1196-97 (9th Cir. 2003).  When specifically asked to identify "every instance that [plaintiff]

13  suffered an adverse employment action," plaintiff identified fourteen actions that might qualify

14  as such (including a failure to train, termination, and the issuance of adverse performance

15  reports).  At the time, plaintiff apparently did not believe, or at least did not claim, that

16  undergoing an IME was an "adverse employment action" and defendants are not required to

17  anticipate every argument plaintiff may have, but did not, make.  The Court's refusal to consider

18  undisclosed "adverse employment actions" at the summary judgment stage does not constitute

19  error.

20

21          For all of the foregoing reasons, plaintiff has failed to identify new facts or legal

22  authority which could not have been raised in her opposition and has failed to show manifest

23  error in the Court's summary judgment ruling.  Her motion for reconsideration is, therefore,

24  DENIED.

25

26

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION            -3-

1          DATED this 16th day of December, 2005.

2

3          *MNT S Lasnik*

           Robert S. Lasnik
4          United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION              -4-