UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN RISPOLI,

Plaintiff(s),

v.

KING COUNTY,

Defendant(s).

NO. C04-1500P

ORDER ON PLAINTIFF'S MOTIONS
IN LIMINE

The above-entitled Court, having received and reviewed:

1.    Plaintiff's First Motion in Limine

2.    Defendant's Response to Plaintiff's First Motion in Limine

3.    Plaintiff's Reply to Defendant's Response to Plaintiff's First Motion in Limine

4.    Plaintiff's Second Motion in Limine

5.    Defendant's Response to Plaintiff's Second Motion in Limine

6.    Plaintiff's Reply to Defendant's Response to Plaintiff's Second Motion in Limine

7.    Plaintiff's Third Motion in Limine

8.    Defendant's Response to Plaintiff's Third Motion in Limine

9.    Plaintiff's Reply to Defendant's Response to Plaintiff's Third Motion in Limine

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Plaintiff's First Motion is Limine is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Second Motion in Limine is DENIED; both

parties are instructed to appear at the pretrial conference with a proposed limiting instruction

regarding evidence of Plaintiff's prior lawsuits.

ORD ON PLTF'S
MTNS IN LIMINE - 1

1     IT IS FURTHER ORDERED that Plaintiff's Third Motion in Limine is PARTIALLY

2   GRANTED and PARTIALLY DENIED, as follows:

3         1.     Exclude evidence of monetary motive: DENIED.

4         2.     Exclude evidence of cost to County or taxpayers: GRANTED.

5         3.     Exclude evidence of statements of investigators about statements of non-managers:

6                DENIED.

7         4.     Exclude evidence of filing of motions in limine: GRANTED.

8   **Discussion**

9   Motion in Limine No. 1

10    At issue is evidence that Plaintiff failed, in a 1995 job application for the Transit Department,

11  to mention that she had previously been employed and/or had been terminated from employment by

12  the Department of Youth Services.  Plaintiff seeks to exclude any mention of that fact.

13    The incident is not, as Plaintiff claims, too remote in time.  It is relevant both on the issue of

14  Plaintiff's character for truthfulness but also on the issue of Defendants' retaliatory intent – the fact

15  that Transit knew about this incident and, despite the fact that it was a terminable offense chose to

16  retain Plaintiff anyway, is relevant to their defense of no retaliatory intent.

17

18  Motion in Limine No. 2

19    At issue is evidence of previous litigation which Plaintiff has initiated.  Plaintiff's argument is

20  that Defendant would introduce evidence of prior complaints to show that Plaintiff is a frivolous and

21  litigious person.  But the Court agrees with Defendant that, in a case where Plaintiff plans to introduce

22  expert testimony that Plaintiff's work environment at Transit contributed to her post- traumatic stress

23  disorder, Defendant should be permitted to inquire into whether the expert is aware that Plaintiff has

24

25

26  **ORD ON PLTF'S
    MTNS IN LIMINE - 2**

alleged that she has been suffering emotional distress "with attendant physical symptoms" for the last 20 years and to inquire about the possible cumulative effect of that amount of emotional distress.

Although "the substantial danger of jury bias against the chronic litigant" (Mathis v. Phillips Chevrolet, Inc., 269 F.3d 771, 776 (7th Cir. 2001) is great, the Court finds that the probative value of that evidence outweighs the possible prejudice.  A limiting instruction will be given at trial, and both parties are instructed to appear at the pretrial conference with proposals for appropriate limiting instruction regarding this evidence.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  May 3, 2006

Marsha J. Pechman
U.S. District Judge

**ORD ON PLTF'S
MTNS IN LIMINE - 3**