UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN RISPOLI,

        Plaintiff(s),

  v.

KING COUNTY, et al.,

        Defendant(s).

NO. C04-1500P

ORDER ON DEFENDANTS' MOTIONS IN LIMINE

The above-entitled Court, having received and reviewed:

1. Defendant's Motion in Limine to Exclude Irrelevant and Inflammatory Evidence (No. 1)

2. Plaintiff's Opposition to Defendant's First Motion in Limine to Exclude Evidence

3. Defendant's Reply to Plaintiff's Response to Defendant's First Motion in Limine

4. Defendant's Motion in Limine to Exclude Irrelevant and Unduly Prejudicial Evidence (No. 2)

5. Plaintiff's Opposition to Defendant's Second Motion in Limine to Exclude Evidence

6. Defendant's Reply to Plaintiff's Response to Defendant's Second Motion in Limine

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Defendant's Motions in Limine are GRANTED IN PART and DENIED IN PART, as further explained below.

**Discussion**

Broadly speaking, Defendant's Motion No. 1 seeks to preclude Plaintiff and her witnesses "from offering any evidence, making any comment, or asking any question about the matters already resolved by [Judge Lasnik's previous] orders." Def Mtn No. 1, p. 2. This request is broken down into categories which will be individually ruled upon below.

**ORD ON DEF
MTNS IN LIM - 1**

<u>All evidence of claims dismissed by the court</u>

By prior summary judgment order, Judge Lasnik has dismissed all of Plaintiff's claims except her claim alleging retaliation in violation of state and federal law. Dkt. No. 142. Retaliation has three elements:

1. Plaintiff engaged in "protected activity";
2. Plaintiff suffered "adverse employment actions";
3. There is a "causal link" between the protected activity and the adverse actions.

<u>Raad v. Fairbanks N. Star Borough Sch. Dist.</u>, 323 F.3d 1185, 1196-97 (9th Cir. 2003).

The claims dismissed by Judge Lasnik included allegations (1) that Transit failed to accommodate Plaintiff's disability claim; (2) that Transit improperly disclosed Plaintiff's medical records; (3) that Transit failed to allow her access to her personnel file; (4) that Transit subjected Plaintiff to emotional distress; (5) that Transit harassed her in violation of Title VII and WLAD; (6) that Transit breached her contract; and (7) that the Department of Youth Services ("DYS," her employer prior to Defendant's Transit department) breached their contract with Plaintiff.

In the wake of Judge Lasnik's ruling, Plaintiff may only introduce evidence of any of these allegations as they are relevant to her remaining retaliation claim. None of the circumstances alleged constitute "protected activity" as that term is defined by statute:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 USCA § 2000e-3(a)

This Court further finds, as did Judge Lasnik, that Plaintiff is limited in her proof regarding the "adverse employment actions" element of her claim to the Performance Reports that she identified in

ORD ON DEF
MTNS IN LIM - 2

her Third Amended Answer to Defendant's Interrogatories (Order Denying Pltf's Mtn for Reconsideration, Dkt. No. 159, p. 3); and that she is further limited within that subset of evidence to those Performance Reports ("PR's") which fall within the applicable statute of limitations (February 20, 2202 for her federal claim and April 4, 2001 for her state claim). Order on Summary Jmt, Dkt. No. 142, pp. 2-3.

This Court also adopts Judge Lasnik's finding that "[a]lthough plaintiff [*sic*] may not seek damages related to time-barred events, evidence related to those events may still be relevant." Id., p.5, fn. 2. The summary judgment opinion explains that time-barred evidence may still be relevant if it can be used to establish a causal nexus between Plaintiff's protected conduct and any adverse actions which have not been precluded by the statute of limitations. Id. Similarly, evidence related to the dismissed claims may be offered as proof that the decision-makers involved in the PR's which are not time-barred were aware of her protected activities and responded with adverse actions.

The Court cautions Plaintiff, however, that relevancy will be strictly construed on the basis of whether or not the proffered evidence tends to establish that the decision-makers themselves (of whom four PR-writers have been identified: Alidina, Costello, Jackson and Malkow) were aware of and disapproved of Plaintiff's protected activity. Plaintiff must be prepared with offers of proof on any evidence concerning the dismissed claims which she seeks to introduce on "causal nexus" grounds.

Defendant's motion in this regard is granted in part and denied in part.

<u>All evidence of adverse employment actions not previously disclosed by Plaintiff in her interrogatory answers</u>

Again, Judge Lasnik's summary judgment ruling has established the prohibition in this area. Plaintiff is not permitted to base her retaliation claim on allegations (a) that her mental health has been falsely impugned, (b) that Transit had conducted a "sham investigation" of certain allegations of hers, (c) that she had been the subject of false performance reports and (d) that she had been "terrorized" by

**ORD ON DEF
MTNS IN LIM - 3**

1 failure to protect her in an unsafe work environment. <u>Id.</u>, p.2. Defendant's motion is this regard is
2 granted.

3 <u>All evidence related to Plaintiff's 1994 trial testimony and to any complaints regarding abuse of youth</u>
4 <u>at DYS between early 1994 and July 1995</u>

5   There appears to be no dispute that Plaintiff's testimony in her own suit against DYS and in the
6 <u>Bunch v. King County</u> lawsuit is "protected activity." However, the Court refers the parties to the
7 statutory definition of "protected conduct" (*infra*, p. 2): Plaintiff's protected conduct must have been
8 in opposition to "any practice made an unlawful employment practice by this subchapter;" i.e.,
9 discriminatory activity. The evidence will be limited to proof of that conduct alone, and the proof will
10 be restricted to the fact that Plaintiff testified concerning allegations of discriminatory activity. It is not
11 the intention of this Court to reopen the allegations concerning the abuse of DYS inmates for the
12 consideration of this jury.

13   Following Plaintiff's testimony in the <u>Bunch</u> lawsuit, it is alleged that portions of her testimony
14 were used as evidentiary submissions supporting summary judgment motions in four other lawsuits and
15 that (in three of those four cases) her name was included on the list of potential witnesses. Although
16 none of these matters went to trial and Plaintiff neither testified nor was deposed in any of them, the
17 Court notes the statutory language which deems participation by a plaintiff "in any manner in an
18 investigation, proceeding, or hearing under this subchapter." 42 USCA § 2000e-3(a). On that basis
19 (and contrary to the Court's prior comments at the pretrial conference), the Court is prepared to
20 consider briefing by either side on the issue of whether the use of Plaintiff's previous testimony as
21 evidence in a later summary judgment motion or the use of Plaintiff's name on a witness list in another
22 piece of litigation constitutes participation "in any manner." Ruling on this aspect of Defendant's
23 motion in limine will be reserved for a later date.

**ORD ON DEF**
**MTNS IN LIM - 4**

Finally, Plaintiff has indicated her intention to introduce her testimony in a lawsuit against her union as further proof of the "protected activity" element of her retaliation claim. It is the Court's intention to grant Defendant's motion regarding this testimony. The 9th Circuit has held that the opposition to discriminatory activity which comprises a plaintiff's protected conduct "must be directed at an unlawful employment practice of an *employer*, not an act of discrimination by a private individual." Silver v. KCA, Inc., 586 F.2d 138, 141 (C.A.Cal.,1978; emphasis supplied). Plaintiff's union was not her "employer." Plaintiff is free to brief the matter further if she feels that binding precedent exists to support a finding that opposition to discriminatory activity by a non-employer qualifies as the "protected activity" element of a retaliation cause of action.

<u>All evidence from Plaintiff's DYS witnesses</u>

Defendant moves to exclude the testimony of a number of witnesses connected to Plaintiff's lawsuit against DYS. The Court will grant this motion concerning the witnesses listed below:

1. <u>Mary Ruth Mann</u>: Ms. Mann is an attorney who represented a DYS employee in a suit against DYS. Plaintiff intends to offer Ms. Mann's testimony regarding (a) the significance of Plaintiff's testimony in the <u>Bunch</u> case; (b) Ms. Mann's intention to use Plaintiff as a witness in other, similar cases; and (c) a conversation Ms. Mann allegedly had with a King County prosecutor who described Plaintiff as "damaged goods" as a witness. None of this is relevant on the issue of whether Plaintiff engaged in "protected activity." If Plaintiff wishes to use this witness to establish the fact of her testimony in a suit against DYS regarding discriminatory activity, she may do so, but not for any other purpose.

2. <u>David Winger</u>: Mr. Winger is a former manager at DYS. Plaintiff does not respond to Defendant's motion to exclude the testimony of this witness and the Court will assume that she concedes its validity and grant this portion of the motion accordingly.

**ORD ON DEF
MTNS IN LIM - 5**

1
2
3
4
5
6
7
8
9

      3.    <u>Kathy Oglesby</u>: Ms. Oglesby is a former union representative who Plaintiff indicates "may" testify that, at a time when she was labor liaison for the County Executive, she told officials of Plaintiff's union that Plaintiff had "piggybacked" on the lawsuits of other DYS employees.  There is no offer of proof regarding the relevance of this testimony to the existence of retaliatory intent in any officials in the Transit department; specifically, Plaintiff has not established that any of the decision-makers allegedly responsible for the adverse employment actions which affected Plaintiff had knowledge of this comment.  Defendant's motion to exclude the testimony of this witness will be granted.

10
11
12
13
14
15

      4.    <u>Earnestine Blue</u>: Ms. Blue was a juvenile detention officer, and will allegedly offer testimony that David Winger said that Plaintiff had "mental health issues."  The existence of such opinions among the staff at DYS is irrelevant to Plaintiff's claims against Transit officials absent some offer of proof of knowledge within the Transit department of the existence of this opinion.  Defendant's motion to exclude the testimony of this witness will be granted.

16
17
18
19

      5.    <u>James Bush</u>: Mr. Bush was a <u>Seattle Weekly</u> reporter who wrote an article about alleged discrimination at DYS.  Again, Plaintiff does not respond to Defendant's motion to exclude the testimony of this witness and the Court will assume that she concedes its validity and grant this portion of the motion.

20 <u>All evidence of the specific terms of the settlement between Plaintiff and DYS</u>

21
22
23

    Plaintiff made no response to Defendant's motion to exclude any evidence or mention of the terms of the settlement of Plaintiff's lawsuit against DYS.  The Court grants Defendant's motion in this regard.

24
25
26 **ORD ON DEF MTNS IN LIM - 6**

Defendant's Motion No. 2 is concerned, in relevant part, with requests to exclude (a) evidence regarding certain subject areas and (b) the testimony of a number of witnesses proposed by Plaintiff.

A number of these requests were not opposed by Plaintiff, and the Court will grant them accordingly. The following evidence will be not be permitted to be introduced at trial:

A. Any evidence of romantic relationships, extra-marital affairs, sexual relationships and marriages between base chiefs and other Transit employees.

B. Any evidence about the murder of transit operator Mark McLaughlin or the book "A Rage to Kill" by Ann Rule.

C. Any evidence that former Transit Base Chief Bill Hanson testified for William Shepard at his sentencing hearing.

D. Any evidence regarding Plaintiff's claim that Metro managers violated the County's nepotism policy.

E. Any evidence regarding Plaintiff's claim that an unidentified Transit employee named "Greg" (no last name) told Plaintiff that "they" did not like plaintiff because she was "too honest" and "asked too many questions."

F. Any evidence regarding Plaintiff's claim that Howard Gorlick told her that Ralph Keyport told him that Plaintiff gave "head" to Bill Burdick.

G. Any evidence that Transit operator Bill Lowes told Plaintiff that he "knew" Plaintiff would be fired before she knew.

H. Any evidence that on May 14, 2003, union vice-president Glen Travis "warned Ms. Rispoli that Metro was going to use PR's to get rid of her..." and that "O'Rourke is behind this whole thing to get rid of you again."

I. Any evidence that co-worker "Darryl" (no last name) told Plaintiff that all of Plaintiff's discipline is "political."

ORD ON DEF
MTNS IN LIM - 7

J.     Any evidence regarding statements made by unidentified or "anonymous" persons.

K.     Any evidence that other Transit employees believe that they were also subjected to retaliatory discipline, unless Plaintiff can establish that such evidence is relevant to her claim.

L.     Any evidence of comparators that are not similarly situated to similar employees and whose discipline did not originate from the same decision-makers at issue in this case.

M.     Any evidence that Jim O'Rourke's wife divorced him because she became romantically involved with another woman.

Regarding the portions of Defendant's Motion No. 2 which were opposed by Plaintiff, the Court makes the following rulings:

1. <u>Remarks about Plaintiff's mental health</u>: Any comments regarding Plaintiff's mental health made by the four decision-makers at issue in this case or made in their presence may be admissible as evidence of a retaliatory animus or intent and the Court will not bar them pursuant to Defendant's motion in limine. DENIED.

2. <u>Abdul Alidina's statement that "no one else wanted [Plaintiff]"</u>: This comment by a decision-maker is relevant on the issue of retaliatory animus or intent. DENIED.

3. <u>Base Chief Keyport's alleged statement to Plaintiff that she was a "troublemaker" and "paranoid"</u>: In the chain of command at Transit, this official would have been above the decision-makers at issue in this case and the remark is arguably relevant on the existence of retaliatory animus or intent within Plaintiff's work environment. However, Plaintiff has failed to provide any evidence that any of the relevant decision-makers were employed and issuing the relevant PR's at the time that Keyport was acting as Base Chief, or that any of them reported to Keyport. GRANTED, subject to reconsideration upon presentation of the appropriate offer of proof.

ORD ON DEF
MTNS IN LIM - 8

1   4.   <u>Opinion evidence of Elaine Ohlson</u>: Plaintiff argues that the opinion testimony of this potential
2        witness should be admissible because she was a manager at Transit and acting within the scope
3        of her employment when she made certain statements to Plaintiff.  Aside from her unsupported
4        allegations regarding Ohlson's employment, Plaintiff presents neither evidentiary or legal
5        support for her position that Ohlson's statements qualify as "admissions of a party opponent."
6        GRANTED, subject to reconsideration should Plaintiff lay a proper foundation.

7   5.   <u>Opinion testimony of Barry Samet</u>: Neither Samet's job as president of Plaintiff's union nor his
8        presence at Plaintiff's trial qualify him to offer opinion evidence in this matter.  GRANTED.

9   6.   <u>Opinion testimony of Ramona Davis</u>: Davis allegedly told Plaintiff that "they" were after her,
10       which Plaintiff argues is admissible based on Davis's status as a former bus driver and "now a
11       first-line supervisor with years of experience."  Pltf Opposition, p. 3.  GRANTED, subject to
12       Plaintiff laying a proper foundation of relevance and admissibility.

13  7.   <u>Metro's failure to respond to Plaintiff's 1998 allegations that someone shot at her bus</u>: These
14       allegations are clearly time-barred as "adverse employment actions," nor has Plaintiff made the
15       necessary offers of proof to create a causal nexus between her allegations, the alleged failure to
16       investigate and knowledge or complicity in any of this by the decision-makers at issue in this
17       matter.  GRANTED.

**Conclusion**

Defendant's motions in limine are GRANTED IN PART and DENIED IN PART as discussed above.  Where noted, Plaintiff is free to present evidentiary or legal offers of proof to lay a proper foundation for the disputed evidence.

The clerk is directed to provide copies of this order to all counsel of record.

**ORD ON DEF**
**MTNS IN LIM - 9**

Dated: May __25_, 2006

Marsha J. Pechman
U.S. District Judge

**ORD ON DEF
MTNS IN LIM  - 10**