UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN MARIE RISPOLI,

    Plaintiff(s),

v.

KING COUNTY, et al.,

    Defendant(s).

NO. C04-1500P

ORDER ON
1. MOTION TO ENLARGE TIME
2. PLAINTIFF'S APPEAL OF TAXATION OF COSTS AND MOTION TO RETAX

The above-entitled Court, having received and reviewed:

1. Plaintiff's Appeal of Taxation of Costs and Motion to Retax

2. Defendants' Response to Plaintiffs' Appeal of Costs and Motion to Tax

3. Plaintiff's Motion to Enlarge Time for Filing Declaration of Plaintiff

4. Defendants' Response to Plaintiff's Motion to Enlarge Time

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Plaintiff's Motion to Enlarge Time for Filing Declaration of Plaintiff is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Retax is PARTIALLY GRANTED and PARTIALLY DENIED.

**Discussion**

Plaintiff moves to deny the costs assessed by the Clerk of the Court in the amount of $8,413.55 for certain depositions, service fees and copy costs. Dkt. No. 305. She claims that, despite the fact that she did not prevail at trial, costs are inappropriately assessed against her in this matter.

**ORD ON MTN
TO RETAX - 1**

A district court possesses broad discretionary power to allow or disallow a prevailing party to recoup some costs of litigation. <u>Association of Mexican-American Educators v. State of California</u>, 231 F.2d 572, 591 (9th Cir. 2000). In <u>Save Our Valley v. Sound Transit</u> (335 F.3d 932, 944-45 (9th Cir. 2003), the Ninth Circuit held that FRCP 54(d) creates a presumption in favor of awarding costs to the prevailing party and it is the losing party's burden to establish that costs should not be awarded.

The court in <u>Save Our Valley</u> listed five factors which a plaintiff must establish to avoid an award of costs:

1. <u>The order imposing costs would render her indigent</u>: Plaintiff is expected to receive a salary in excess of $51,000 this year, and additionally was the recipient of a settlement of $260,000 in another lawsuit in 1997. The Court finds that assuming responsibility for the costs assessed in this matter will not render Plaintiff indigent.

2. <u>The prevailing party engaged in misconduct</u>: There was no misconduct on the part of Defendant King County throughout the course of this litigation.

3. <u>The issues presented at trial were particularly complex</u>: This was simply a case of credibility and who the jury ultimately chose to believe. The results of the case speak for themselves.

4. <u>The losing party's case had merit despite losing</u>: The Court does not find this to be the case. The verdict in the County's favor indicates that the jury found this to be nothing more than a matter of employee monitoring and discipline to which Plaintiff objected and which the jury found to be warranted.

5. <u>Imposing costs would have a chilling effect on civil rights litigation</u>: The Court does not find that a chilling effect will result from awarding costs to the prevailing party in this matter. Conversely, the Court sees no reason to force the County to support the cost of litigating unsubstantiated and exaggerated claims of retaliation by its employees.

ORD ON MTN
TO RETAX - 2

1    For the above-cited reasons, the Court will not grant Plaintiff's request to be relieved of

2 responsibility for the prevailing party's costs in this lawsuit.  However, the Court finds merit in

3 Plaintiff's argument that, absent a prior court order under FRCP 30(b)(3), neither Local Rule W.D.

4 Washington 54(d) nor 28 U.S.C. § 1920 permit the taxing of costs of videotaping of a deposition,

5 which the Clerk of the Court assessed against Plaintiff (albeit selectively) in this matter.  Accordingly,

6 the taxation of costs will be reduced by $3,607.

7    Additionally, Plaintiff moved to enlarge the time permitted by local rules for the filing of a

8 declaration to accompany her motion to retax costs.  No reason for the delay was provided with this

9 request; the motion will be denied.

10 **Conclusion**

11   Plaintiff's Motion to Retax Costs will be denied, but the portion of the costs taxed against

12 Plaintiff for the videotaping of deposition testimony without prior court order will be disallowed.

13 Plaintiff is ordered to pay costs in the total of $4,806.55.  Plaintiff's motion to enlarge time to file a

14 declaration in support of her motion to retax costs is denied.

15

16    The clerk is directed to provide copies of this order to all counsel of record.

17    Dated:  August 30, 2006

18

19                              Marsha J. Pechman
20                              United States District Judge

21

22

23

24

25

26 ORD ON MTN
   TO RETAX